# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FANNIE MAE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| ORON ZARUM | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF FANNIE MAE'S COMPLAINT
## FOR JUDGMENT ON WRITTEN GUARANTY

Plaintiff Fannie Mae ("Fannie Mae"), for its Complaint against Oron Zarum (the "Defendant") states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Fannie Mae is a government sponsored enterprise and federally chartered corporation with its principal place of business Midtown Center 1100 15th Street, NW, Washington, DC 20005. Fannie Mae is the current owner and holder of the Note and Guaranty (as such terms are defined below). Congress created Fannie Mae to enhance the nation's housing-finance market. Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing. Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("FHFA"), which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises including Fannie Mae. *See* 12 U.S.C. § 4511 et seq. Among other powers, Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain, statutorily defined conditions, which the Director did in 2008. As Conservator, FHFA has broad statutory powers, including the powers to preserve and

1

conserve Fannie Mae's assets and property, and to collect obligations due Fannie Mae. FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law. *See, e.g.*, 12 U.S.C. § 4617(f).

2. The Defendant is an individual resident of the State of New Jersey. Defendant may be served with process at: 10 Hill Street, Newark, NJ 07102.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy in this action exceeds $75,000, exclusive of interest, costs, and attorneys' fees. Defendant is a citizen of the state of New Jersey. Fannie Mae is a corporation organized under the laws of the United States with its principal place of business in the District of Columbia and shall be deemed, for the purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation. 12 U.S.C. § 1717(a)(1).

4. The Court has personal jurisdiction over the Defendant because the claims in this action arise from the execution of loan documents to be performed in Missouri, secured by real estate and personal property in Missouri, and the loan documents provide for jurisdiction in Missouri.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) as the property at the center of this dispute is located within the District of this Court. Specifically, the loan that Plaintiff brings this action under is secured by collateral located under the subject matter jurisdiction of this Court. *See generally Fannie Mae v. APEX Brittany MO LP*, Case No. 23-cv-06050 (W.D. Mo.).

**FACTUAL BACKGROUND**

6. On or about August 16, 2019, the Borrower APEX Brittany MO LP (the "Borrower") executed a Multifamily Note in favor of Lument Real Estate Capital, LLC a Delaware limited liability company (successor by merger to Hunt Mortgage Capital, LLC) ("Original Lender"),

evidencing a loan made by the Original Lender to the Borrower in the original principal amount of $7,704,000.00 (the "Note"). A true and correct copy of the Note is attached hereto and marked as **Exhibit A**.

7. In conjunction with the execution of the Note, the Borrower executed a Multifamily Loan and Security Agreement in favor of Original Lender (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto and marked as **Exhibit B**.

8. To secure repayment of the amounts owing under the Note, the Borrower executed a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated August 16, 2019 ("Deed of Trust"), granting the Original Lender a first priority lien on, *inter alia*, the real property located at 1601 N 36th St., Saint Joseph, MO 64506 (the "Real Estate") and certain personal property of the Borrower (the "Personal Property") more fully described in the Deed of Trust (the Personal Property together with the Real Estate, collectively the "Collateral"). A true and correct copy of the Deed of Trust is attached hereto and marked as **Exhibit C**.

9. The Deed of Trust was recorded on August 27, 2019 in the Buchanan County, Missouri Recorder of Deeds Office as in Book 3740 at Page 678.

10. On August 16, 2019, Defendant executed a Guaranty of Non-Recourse Obligations (the "Guaranty") guaranteeing all obligations owed by Borrower to Original Lender. A true and correct copy of the Guaranty is attached hereto and marked as **Exhibit D**.

11. The Guaranty obligated Defendant to "absolutely, unconditionally and irrevocably" guarantee the Borrower's Indebtedness per the terms of the Loan Agreement. Guaranty, Ex. D, ¶ 3. Defendant's Guaranty is continuing and "unconditional irrespective of the genuineness, validity, regularity or enforceability of any provision" of the Loan Documents. *Id.* ¶ 7. Defendant,

as Guarantor, furthermore agreed that his obligations under the Guaranty "shall not be subject to any counterclaim, set-off, recoupment, abatement, deferment or defense based upon any claim that Guarantor may have against Lender." *Id.*

12. On August 16, 2019, Original Lender executed an endorsement to the Note (the "Endorsement") which assigned the rights and payments due under the Note to Fannie Mae without recourse. A true and correct copy of the Endorsement is attached to **Exhibit A**.

13. The Deed of Trust was assigned by Original Lender to Fannie Mae on August 16, 2019 by virtue of an Assignment of Security Instrument (the "Assignment"). A true and correct copy of the Assignment is attached hereto and marked as **Exhibit E**.

14. The Assignment was recorded on August 27, 2019 in the Buchanan County, Missouri Recorder of Deeds Office in Book 3740 at Page 679.

15. On April 20, 2023, Fannie Mae executed an Appointment of Successor Trustee (the "Appointment") to appoint SMF Registered Services (the "Successor Trustee") as successor trustee under the Deed of Trust. A true and correct copy of the Appointment is attached hereto and marked as **Exhibit F**.

16. The Appointment was recorded on April 26, 2023 in the Buchanan County, Missouri Recorder of Deeds Office in Book 3786 at Page 406.

17. The Note, the Loan Agreement, the Deed of Trust, and Guaranty are hereinafter referred to as the "Loan Documents."

18. Pursuant to the Loan Agreement, the Borrower shall not "have personal liability under this Loan Agreement or any other Loan Document for the repayment of the Indebtedness or for the performance of any other Loan Document." Loan Agreement, Ex. B, Section 3.01. However, the Borrower "shall be personally liable" for the full indebtedness under the Loan Agreement if a

Bankruptcy Event occurs. *Id*. at Section 3.02(b)(3).

19. Bankruptcy Event is defined as, in relevant part,

    a.    the commencement, filing or continuation of a voluntary case or proceeding under one or more of the Insolvency Laws[1] by Borrower.

Loan Agreement, Ex. B, Schedule 1.

20. Under Section 14.02(a) of the Loan Agreement, "the occurrence of any Bankruptcy Event shall automatically accelerate the Mortgage Loan and all obligations and Indebtedness shall be immediately due and payable without written notice or further action by Lender."

21. Under the Loan Documents, the Borrower is liable to Fannie Mae for all costs, expenses and attorneys' fees incurred by Fannie Mae in enforcing the Loan Documents and all rights and remedies thereunder.

22. On January 12, 2023, Original Lender, as servicer, sent Borrower a Notice of Demand (the "First Demand Notice"), notifying Borrower of its failure to maintain the Real Estate pursuant to Section 6 of the Loan Agreement and demanding that Borrower perform, within the dates listed in the Demand Notice, the Additional Fannie Mae Repairs and Additional Fannie Mae Replacements (collectively, the "Required Repairs") listed in the Demand Notice and Property Condition Assessment ("PCA") performed on December 31, 2022 by Armada Analytics, Inc. and provide evidence of completion to servicer, and that Borrower, within thirty days, deposit with Original Lender, on behalf of Fannie Mae, the amount of $1,313,330.00 to cover the costs of the Additional Fannie Mae Repairs and Additional Fannie Mae Replacements. A true and correct copy of the First Demand Notice is attached hereto and marked as **Exhibit G**.

23. On February 13, 2023, counsel for Fannie Mae sent the Borrower a Notice of

---

[1] Insolvency Laws include the United States Bankruptcy Code. Loan Agreement, Ex. B, Schedule 1.

Acceleration of Indebtedness and Demand for Payment, notifying the Borrower of its failure to comply with the First Demand Notice, that it was in default under the Loan Documents and that the indebtedness under the Note was accelerated and all amounts were immediately due and owing, and demanded payment (the "Second Demand Notice"). A true and correct copy of the Second Demand Notice is attached hereto and marked as **Exhibit H**.

24. On March 24, 2023, Fannie Mae filed its Verified Petition and Emergency Motion for Appointment of Receiver in the Circuit Court for Buchanan County, Missouri. [Case No. 23BU-CC00481]. This action was removed to the U.S. District Court for the Western District of Missouri on April 11, 2023, and an order was entered on April 26, 2023, granting the appointment of a receiver over Borrower (the "Receivership Order"). [Dkt. No. 15, Case No. 5:23-cv-06050-SRB]. A true and correct copy of the Receivership Order is attached hereto and marked as **Exhibit I**.

25. Pursuant to the Receivership Order, the receiver had the "sole authority and power to file a voluntary petition under Title 11 of the United States Code." Receivership Order, Ex. J, Section (B)(5)(e). Additionally, the Borrower was enjoined from filing a voluntary petition under Title 11 of the United States Code. *Id.* at Section (C)(9).

26. On September 15, 2023, Borrower filed a Chapter 11 Voluntary Petition (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the District of Delaware. [Dkt. No. 1, Case No. 23-11463-CTG]. Defendant signed both the Chapter 11 Voluntary Petition and the Corporate Authority Statement as the authorized representative of the Borrower. A true and correct copy of the Chapter 11 Voluntary Petition and Corporate Authority Statement are attached hereto and marked as **Exhibit J**.

27. The Bankruptcy Case was dismissed on December 6, 2023. *See* Order Granting Fannie Mae's Motion to Dismiss Chapter 11 Case [Dkt. No. 40, Case No. 23-11463-CTG].

28. On January 12, 2024, the Successor Trustee performed a foreclosure sale on the property described in the Deed of Trust pursuant to Missouri law and under the Deed of Trust and sold the property to Fannie Mae for a credit bid of $7,188,000.00 (the "Trustee's Deed"). A true and correct copy of the Trustee's Deed is attached hereto and marked as **Exhibit K**.

29. The Trustee's Deed was recorded on January 23, 2024 in the Buchanan County, Missouri Recorder of Deeds Office in Book 3794 at Page 132.

30. As of January 12, 2024, the Borrower was indebted to Fannie Mae in the following amounts, plus all accruing interest, late charges, fees, costs, and attorneys' fees: $7,388,131.50 in principal, $591,965.83 in accrued interest, $1,568,080.85 in fees and expenses, $52,570.09 in attorneys' fees, less $365,402.85, less the foreclosure sale amount of $7,188,000.00, for a total of $2,047,345.42 plus interest thereafter at the per diem default rate of 4% (collectively, the "Indebtedness").

## COUNT I: SUIT ON GUARANTY

31. Fannie Mae hereby incorporates paragraphs 1 through 30 above as though fully set forth herein.

32. Based on default and acceleration, the entire Indebtedness became due and owing from Borrower to Fannie Mae and led to the January 12, 2024 foreclosure sale.

33. Fannie Mae relied on the Guaranty in advancing the sums set forth in the Loan Documents to Borrower and accordingly, Fannie Mae has satisfied all conditions precedent.

34. Fannie Mae has incurred and will continue to incur attorneys' fees and collection costs in the collection of the Indebtedness and enforcement of the Fannie Mae's rights and remedies under the Loan Documents, including the Guaranty.

35. As of January 12, 2024, the Defendant is indebted under the Guaranty in the amount of the Indebtedness.

36. Defendant has failed, refused, or otherwise neglected to pay the Indebtedness due under the Guaranty.

37. As a direct and proximate result of Defendant's failure to repay the amounts due under the Guaranty, Fannie Mae has been damaged in the amount equal to the Indebtedness.

WHEREFORE, Fannie Mae requests for judgment against Defendant in the sum of $2,047,345.42, plus interest from and after January 12, 2024 at the default rate of interest as provided in the Loan Documents and other damages arising and sums due and owing pursuant to the Loan Documents; and for the costs of this action, including attorneys' fees as allowed by law, plus post judgment interest and such other and further relief as is just.

Dated: April 12, 2024

Respectfully Submitted,

STINSON LLP

By: */s/ Nicholas J. Zluticky*
Nicholas J. Zluticky MO #61203
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
nicholas.zluticky@stinson.com

ATTORNEY FOR FANNIE MAE